

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | § |
| **VS.** | §   **CASE NO. 1:07-CR-56** |
| | § |
| **JOSEPH WAYNE HOPKINS** | § |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Joseph Wayne Hopkins, violated conditions of supervised release imposed by United States District Judge Marcia A. Crone. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #148) requesting the revocation of the defendant's supervised release. The Court conducted a video hearing on September 9, 2020, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present by video and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

1

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On May 20, 2008, The Honorable Marcia A. Crone sentenced Mr. Hopkins after he pled guilty to Possession with Intent to Distribute 5 grams or more but less than 50 grams of methamphetamine, a Class B felony. Judge Crone sentenced Mr. Hopkins to 262 months imprisonment followed by a 5 year term of supervised release; subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, restriction on federal benefits, and a $100 special assessment.

On April 24, 2009, the United States Court of Appeals for the Fifth Circuit issued a mandate affirming Hopkins' conviction but vacating his sentence and remanding the case for resentencing. On July 7, 2009, Judge Crone resentenced Hopkins, reducing his term of imprisonment to 120 months. On June 12, 2015, the Court granted a motion for sentence reduction and again reduced

the sentence to 100 months imprisonment.

On March 9, 2017, Joseph Wayne Hopkins completed his period of imprisonment and began service of the supervision term.   On June 30, 2017, Judge Crone modified his conditions to include restrictions on alcoholic beverages and other intoxicants, as well as home detention with electronic monitoring for a period of 180 days.

### B.  Allegations in Petition

The United States Probation Office alleges that the defendant violated a mandatory condition of release in the following manner:

*The defendant shall not commit another federal, state, or local crime.*

At approximately 6:56 AM on June 22, 2018, Mr. Hopkins is alleged to have committed the State Jail Felony offense of Burglary of a Building, in violation of Texas Penal Code § 30.02. According to the Jefferson County, Texas, Sheriff's Office, surveillance cameras captured Mr. Hopkins stealing fishing rods and reels from a complainant's boathouse on said date.   The security footage was posted on the Jefferson County Sheriff's Department Facebook page.   Police reports indicate two family members verbally identified Mr. Hopkins as the man in the videos; however, each declined to provide a written statement.   Police reports also show that he pawned some of the stolen items at various locations later the same day, which were eventually recovered

### C.  Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke.   Specifically, the Government would offer witness testimony and video footage establishing that on June 22, 2018, Mr. Hopkins committed the offense of burglary of a building in Jefferson County, Texas.

Defendant, Joseph Wayne Hopkins, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he committed a new state crime in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by committing a new state crime. This conduct constitutes a Grade B violation under U.S.S.G.§ 7B1.1(a). Upon finding a Grade B violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1).

Based upon the Defendant's criminal history category of VI and the Grade B violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 21 to 27 months. *See* U.S.S.G. § 7B1.4(a). The maximum term of imprisonment in this case is three (3) years because the original conviction was a Class B felony. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United*

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

4

*States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant, Joseph Wayne Hopkins, committed a Grade B violation of his supervision conditions. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Joseph Wayne Hopkins, to serve a term of **twenty-one (21) months imprisonment**, with no further term of supervision to follow.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district

judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 11th day of September, 2020.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE